UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                         SA:17-CR-00194(1)-JKP

**CYNTHIA MOAK,**

    Defendant.

### ORDER ON MOTION

Before the Court is Defendant's first amended motion to withdraw plea. ECF No. 96. With the filing of the response (ECF No. 102) and the expiration of the time to reply, the motion is ripe for ruling. For the reasons set forth below, the Court denies the motion.

**I. Background**

On March 22, 2017, law enforcement arrested Cynthia Moak for tax evasion in violation of 26 U.S.C. § 7201 and corrupt obstruction in violation of 26 U.S.C. § 7212(a). ECF Nos. 4 at 1; 5. On April 11, 2017, the Court appointed the office of the Federal Public Defender to represent her. ECF No. 15. On May 16, 2017, Moak was charged by superseding indictment for violating 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a). ECF No. 22.

On December 20, 2019, Moak pled guilty to tax evasion with a plea agreement. She signed and agreed to a factual basis for her plea which states that Moak willfully attempted to evade and defeat a large part of the income tax due and owing by her and her husband to the United States of America for the calendar year 2010 by committing various affirmative acts of evasion including but not limited to preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040 for

the calendar year 2010, on behalf of herself and her spouse, which was filed with the Internal Revenue Service, which materially understated their total income, taxable income, and amount of tax owed. ECF No. 62.

On April 3, 2020, Moak filed an unopposed motion to continue sentencing. ECF No. 67. The Court granted this motion. On April 24, 2020, Moak filed an unopposed motion to modify conditions of release for medical care. ECF No. 69. The Court granted this motion. Due to the state of the COVID-19 pandemic, the Court reset Moak's sentencing many times. ECF Nos. 70; 71; 72; 73; 74; 75. Moak filed unopposed motions to continue sentencing on May 13, 2021, July 23, 2021, August 27, 2021, and October 22, 2021. ECF Nos. 76; 78; 80; 82. The Court granted each of these motions. ECF Nos. 77; 79; 81; 83.

On January 5, 2022, defense counsel filed a motion to withdraw as attorney for Moak. ECF No. 84. The Court granted this motion and appointed new counsel. ECF No. 85. On January 11, the Court reset Moak's sentencing for February 16, 2022. ECF No. 86. On February 11, 2022, Moak filed an unopposed motion to continue. ECF No. 87. The Court granted this motion. ECF No. 88. Defendant filed her motion to withdraw plea on May 11, 2022. ECF No. 90. On May 17, 2022, defense counsel filed a motion to withdraw as attorney. ECF No. 93. The Court granted this motion and appointed new counsel. ECF Nos. 100; 101. On May 24, 2022, defendant filed an amended motion to withdraw plea. ECF No. 96.

## II. Legal Standard

After the Court has accepted a defendant's guilty plea, the plea may be withdrawn before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant has "no absolute right to withdraw a guilty plea before the imposition of sentence." *United States v. Minor*, 714 F.3d 319, 321 (5th Cir. 2013) (quoting

*United States v. Carr*, 740 F.2d 339, 344 (5th Cir.1984)). "The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether 'for any reason the granting of the privilege seems fair and just.'" *Carr*, 740 F.2d at 343 (quoting *United States v. Rasmussen*, 642 F.2d 165, 167 (5th Cir.1981)). The defendant bears the burden of establishing "'a fair and just reason' for withdrawing his plea." *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009). The decision to allow a defendant to withdraw his plea is within the sound discretion of the Court. *Id.* When determining whether it would be "fair and just" to allow a defendant to withdraw a guilty plea, courts consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44; accord *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 645-46 (5th Cir. 2009). Courts are "not required to make findings as to each of the *Carr* factors." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998); accord *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007). "The decision to permit or deny withdrawal is based on the totality of the circumstances." *Id.*; *see also Urias-Marrufo*, 744 F.3d at 364.

A defendant's statements expressing guilt weigh heavily against allowing them to withdraw their plea. *See United States v. Garza*, 2016 WL 3087067, at *5 (W.D. Tex. May 31, 2016) (Ezra, S.J.), *aff'd*, 685 F. App'x 299 (5th Cir. 2017). The Fifth Circuit has found that the significant passage of time causes the Government prejudice. *See United States v. Arnold*, 420 F. App'x 404, 405 (5th Cir. 2011). The longer a defendant delays in filing a withdrawal motion, the

more substantial reasons he must proffer in support of his motion. *Carr*, 740 F.2d at 344. Granting a withdrawal inconveniences the Court when a case is far along. *See United States v. Lord*, 915 F.3d 1009, 1015 (5th Cir. 2019). Close assistance of counsel is available where counsel negotiated a plea agreement, filed motions, discussed the case with the defendant, and explained the defendant's rights and the weight of evidence, and where counsel was available throughout the proceedings and the defendant expressed satisfaction with counsel. *United States v. Strother*, 977 F.3d 438, 445 (5th Cir. 2020).

**III. Analysis**

***Carr* Factor 1: Innocence**

Moak has not asserted that she is innocent of tax evasion in violation of § 7201.

***Carr* Factor 2: Prejudice to the Government**

Withdrawal of Moak's guilty plea prejudices the Government. Events dating back to December 2008 support Moak's superseding indictment. Witnesses' memories have likely deteriorated since then. Moreover, witnesses have not been contacted in years. If Moak wishes to proceed to trial, the Government would be tasked with identifying whether witnesses are still living and able to testify. Trial preparation would consume substantial Government resources. Thus, the Court finds that granting the motion would prejudice the Government.

***Carr* Factor 3: Delay**

The Government complains that Defendant waited over two years to file the subject motion. The Government did not oppose any continuances requested by Defendant. The Court found the continuances in this case were warranted. Yet in the last two and a half years, Defendant did not provide any notice to the Government that she anticipated filing such a motion.

Therefore, the Court concludes that any delay in filing the subject motion weighs against Defendant.

***Carr* Factors 4 and 7: Inconvenience to the Court and Waste of Judicial Resources**

Considering the backlog from the COVID-19 pandemic, arranging a hearing for the Court to administer a new guilty plea and its allocution will disrupt the Court's docket, taxing the Court's resources. Additionally, the Court has spent extensive time on this case since its start in 2017. Therefore, the Court finds that granting the motion would inconvenience the Court and waste judicial resources.

***Carr* Factors 5 and 6: Close Assistance of Counsel and Knowing and Voluntary Guilty Plea**

Defendant has been represented by competent, experienced, and respected counsel throughout the proceedings in this case. A knowing and voluntary guilty plea requires the defendant have a "full understanding of what the plea connotes and of its *consequence.*" *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). This includes notice of the nature of the charges, understanding the consequences of the plea, and understanding the nature of the constitutional protections waived. *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000). Moak's plea agreement states, "I, CYNTHIA J. MOAK, have carefully read and reviewed the entirety of foregoing plea agreement, or it has been read to me (and if necessary, translated for me) and reviewed with me by my attorney. After careful consideration and discussion with my attorney, and **fully understanding** my rights with respect to the pending criminal charge(s), I freely and **voluntarily** agree to the specific terms and conditions of the plea agreement." ECF No. 62 at 13. Moak signed directly under this statement. *Id.* This evidences that Moak entered her plea knowingly and voluntarily.

**IV. Conclusion**

Considering the totality of the circumstances, the Court is not persuaded that it would be "fair and just" to allow Moak to withdraw her plea. Moak does not assert her innocence, she delayed in filing her motion to withdraw, the withdrawal would substantially inconvenience the court and waste judicial resources, she was and is assisted by competent, experienced, and well-respected counsel, and her plea was knowing and voluntary, as evidenced by the signed plea agreement. Accordingly, the Court DENIES Defendant's Motion to Withdraw Guilty Plea. ECF Nos. 90; 96.

**It is so ORDERED.**
**SIGNED this 25th day of August, 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**